SAN ANTONIO METROPOLITAN TRANSIT AUTHORITY, Plaintiff,

and

American Public Transit Association, Plaintiff–Intervenor,

v.

Ann McLAUGHLIN, Secretary of Labor, of the United States, Defendant,

and

Joe G. Garcia, Defendant–Intervenor.

Civ. A. No. SA–79–CA–457.

United States District Court, W.D. Texas, San Antonio Division.

March 25, 1988.

wide reduction in force; and second, that plaintiff's performance and attitude toward his job were unsatisfactory.

George P. Parker, Jr. and Dawn Finlayson, Matthews & Branscomb, San Antonio, Tex., for plaintiff San Antonio Metropolitan Transit Authority.

J. Peter Dowd and Kalman D. Resnick, Dowd & Resnick, Charles Orlove, Jacobs, Burns, Sugarman & Orlove, Chicago, Ill., Les Mendelsohn, Mendelsohn, Heidelberg & Beer, Inc., San Antonio, Tex., and Earle Putnam, Gen. Counsel, Amalgamated Transit Union, Washington, D.C., for defendant-intervenor Joe G. Garcia.

## ORDER

PRADO, District Judge.

On this date came on to be considered Defendant–Intervenor Joe G. Garcia's Motion for Partial Summary Judgment on Liability of SAMTA for Attorney's Fees and Costs, filed in the above-styled and numbered cause on October 28, 1985.

Judgment was entered in this case on October 18, 1985. The sole issue raised in Defendant-Intervenor's post-judgment motion is whether Plaintiff San Antonio Metropolitan Transit Authority is liable to Defendant–Intervenor for the attorneys' fees and court costs incurred by Defendant–Intervenor in the prosecution of this case. The Court is of the opinion that Defendant–Intervenor is not so entitled. The motion shall be denied.

## I. STATEMENT OF THE CASE

This case originated as a declaratory judgment action filed on November 21, 1979 by Plaintiff against the Secretary of Labor. In the action, Plaintiff sought a declaration that it was protected by the Tenth Amendment to the United States Constitution from enforcement of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"). As authority for this position, Plaintiff relied on the United States Supreme Court's decision in *National League of Cities v. Usery*, 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976). On the same day and subsequent to the filing of this action, Defendant–Intervenor and other employees of Plaintiff filed a complaint against Plaintiff for enforcement of the overtime provisions of the FLSA.

On March 19, 1980, Defendant–Intervenor's separate lawsuit was stayed while the instant action against the Secretary of Labor was being litigated. The reason for the stay was the identity of issues raised in

the two actions. The Court sought to avoid duplicative efforts and costs in each of the actions. Nothing further occurred in Defendant–Intervenor's separate case until the resolution of the instant action.

On February 8, 1980, the Secretary of Labor filed its answer and counterclaimed for injunctive relief against Plaintiff for violation of the FLSA. The Secretary sought an injunction against continued withholding of any back overtime pay owed to Plaintiff's employees since February 4, 1978.

On April 10, 1980, Defendant–Intervenor filed his motion to intervene as a "third-party defendant." Defendant–Intervenor did not seek to intervene as an additional counter-plaintiff to the Secretary's counterclaim and was, in fact, statutorily barred from doing so. *See* 29 U.S.C. § 216(b). On July 13, 1981, the Court permitted Defendant–Intervenor to intervene as a defendant.

This case was subsequently appealed as far as the United States Supreme Court, and on February 19, 1985, the Supreme Court rendered its decision. *See Garcia v. San Antonio Metropolitan Transit Authority,* 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985). In that decision, the Supreme Court expressly overruled *National League of Cities* and held that the FLSA can be constitutionally applied to all state and local government employees, including those of Plaintiff, without violating the Tenth Amendment. *Garcia,* 469 U.S. at 556–57, 105 S.Ct. at 1020. The Supreme Court addressed only this constitutional issue. It did not decide the Secretary's counterclaim.

On October 16, 1985, the parties to this cause signed a Stipulation of Dismissal, and on October 18, 1985, the Court entered a judgment agreed upon by the parties. As part of their agreement, the parties permitted the Secretary to withdraw its counterclaim so that the right of certain of Plaintiff's employees to become plaintiffs in Defendant–Intervenor's separate lawsuit would not be terminated.

On October 28, 1985, Defendant–Intervenor filed the motion now at issue.

## II. DISCUSSION

### A. *Standard for Summary Judgment*

Federal Rule of Civil Procedure 56(c) provides that a party is entitled to summary judgment if "there is no genuine issue as to any material fact." Summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 1). As the *Celotex* Court further noted:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Id.* at 2552–53.

In order to defeat such a motion, therefore, the party opposing a summary judgment motion must do more than create a suspicion that his position can be supported. As stated in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986):

> If the defendant in a run-of-the-mill civil case moves for summary judgment ... based on lack of proof of a material fact, the judge must ask himself ... whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. The mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict.

After due consideration of the arguments and evidence presented by counsel, the Court is of the opinion that Defendant–Intervenor is not entitled to summary judgment. Based on the reasoning given be-

low, the Court shall deny Defendant–Intervenor's motion.

### B. The FLSA's Attorney's Fee Provision Is Inapplicable

The main thrust of Defendant-Intervenor's argument for attorney's fees and court costs in this case is that pursuant to the FLSA, specifically pursuant to 29 U.S.C. § 216(b), Defendant-Intervenor is entitled to its fees and costs as a successful litigant of an FLSA action. The statute provides in pertinent part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.... *The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.* The right provided by this subsection to bring an action by or on behalf of any employee, and the right of any employee to become a party plaintiff to any such action, shall terminate upon the filing of a complaint by the Secretary of Labor in an action under section 217 of this title....

29 U.S.C. § 216(b) (emphasis added).

The statute is clear. Plaintiffs who recover a judgment under §§ 206, 207, or 215(a)(3) of the FLSA shall be awarded attorney's fees and costs. *Id.; United Slate Tile and Composition Roofers v. G. & M. Roofing and Sheet Metal Company,* 732 F.2d 495, 501 (6th Cir.1984); *Burnley v. Short,* 730 F.2d 136, 141 (4th Cir.1984).

█ In this case, however, there was no recovery by any party pursuant to the provisions of the FLSA. As previously stated, Plaintiff brought this suit seeking a declaration that it was protected from application of the FLSA by the Tenth Amendment, relying on the *National League of Cities* case. The Secretary's counterclaim seeking overtime compensation pursuant to the FLSA was withdrawn as agreed by the parties. This action thus was, in effect, only a direct attack by Plaintiff on the FLSA under the Tenth Amendment. The fact that Plaintiff asserted at the time this action was filed that jurisdiction was proper because the suit arose under the FLSA is not controlling. "It has long been held that a suit 'arises under' the Constitution if a petitioner's claim 'will be sustained if the Constitution ... [is] given one construction and will be defeated if [it is] given another.'" *Powell v. McCormack,* 395 U.S. 486, 514, 89 S.Ct. 1944, 1960, 23 L.Ed.2d 491 (1969) (quoting *Bell v. Hood,* 327 U.S. 678, 685, 66 S.Ct. 773, 777, 90 L.Ed. 939 (1946)) (footnote omitted). In this case, the outcome of Plaintiff's declaratory judgment action turned on the interpretation given the Tenth Amendment. Because this case arose under the Constitution, rather than under the FLSA, § 216(b) is not applicable. Defendant–Intervenor is therefore not entitled to his attorney's fees and costs pursuant to that statute.

### C. The Plain Language of FLSA Prevents Recovery of Attorney's Fees and Costs by Defendant–Intervenor

█ Furthermore, even if § 216(b) were applicable, it does not appear that Defendant–Intervenor would be entitled to his attorney's fees and costs. As previously stated, § 216(b) specifically provides that "The court ... shall, in addition to any judgment awarded to the *plaintiff or*

*plaintiffs,* allow a reasonable attorney's fee to be paid by the *defendant,* and costs of the action." 29 U.S.C. § 216(b). Defendant–Intervenor argues that, despite the fact that he was not a plaintiff in this action, he is still entitled to his attorney's fees and costs as a prevailing party in this action.

"We begin with the familiar canon of statutory construction that the starting point for interpreting a statute is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *See Consumer Product Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). Where there is "no statutory ambiguity, the court may not consider the legislative history or other rules of construction in aid" of statutory interpretation. *Glenn v. United States,* 571 F.2d 270, 271 (5th Cir.1978).

The statute at issue in this case, 29 U.S.C. § 216(b), is clear. *Plaintiffs* are entitled to their attorney's fees and costs *when they recover* from an employer who has been found to have violated §§ 206, 207, or 215(a)(3) of the FLSA. Defendant–Intervenor was not a plaintiff in this case. Defendant–Intervenor had no recovery from his employer in this case. Defendant–Intervenor thus does not come within the ambit of § 216(b) and is not entitled to his attorney's fees and costs pursuant to that provision.

The fact that this was a declaratory judgment action does not change the Court's determination of the attorney's fee issue. Defendant–Intervenor cites the case of *St. John v. Brown,* 38 F.Supp. 385 (N.D.Tex. 1941), for the proposition that employees sued by their employers under the FLSA are entitled to their attorney's fees and costs under § 216(b). That case is distinguishable, however, from the case at hand as the employer in *St. John* brought its declaratory judgment action against its employees specifically seeking a determination of the parties' rights under the FLSA. *Id.* at 386. The *St. John* employer was not seeking a determination that the FLSA was unconstitutional as is the situation in the instant case. Furthermore, the *St. John* employer sued its employees directly. The employees did not intervene in an existing suit. Defendant–Intervenor is thus not in the same position as the employees in *St. John* and the holding in that case is inapplicable.

### D. Public Policy Does Not Favor Granting Defendant–Intervenor Attorney's Fees and Costs Under § 216(b) in This Situation

As a public policy argument, Defendant–Intervenor claims:

It would violate the clear intent of Congress expressed in [§ 216(b)], if an employer could escape liability for attorney's fees and costs simply by bringing its own (losing) action to defend against the anticipated claims by the Secretary of Labor or by employees. If such a technicality of pleading could wipe out employees' rights to attorney's fees and costs, every employer charged with a violation of the FLSA would be induced to file its own complaint for declaratory and injunctive relief and to file a motion to stay an enforcement action by employees until the liability issue raised by the employer was litigated in the employer's case.

Memorandum in Support of Intervenor Garcia's Motion for Partial Summary Judgment on Liability of SAMTA for Attorney's Fees and Costs, Oct. 28, 1985, at 7.

Defendant–Intervenor's statement ignores the facts of the case at hand. As previously noted, this case does not present a *St. John* situation where the employer seeks a declaratory judgment indicating he has no liability to his employees under the FLSA. Rather, in this case, the employer sought a declaratory judgment holding that the Tenth Amendment prevented the Secretary of Labor from enforcing the FLSA against it. It was not necessary in this case for a representative of the employees to participate in the litigation. Clearly, by filing their own lawsuit, the employees, including Defendant–Intervenor, had protected their right to litigate their entitle-

ment to overtime compensation due from their employer. While Defendant–Intervenor's presence may have been helpful in this case, it must be reiterated that it was not absolutely necessary. The Tenth Amendment issue could have been adequately litigated without Defendant–Intervenor's participation in this case. The fact that Defendant–Intervenor may have been instrumental in arguing the position which the Supreme Court ultimately adopted is not controlling. Were the Court to so hold, the effect would be to promote litigiousness by encouraging parties to intervene in suits somehow related to the FLSA, rack up attorney's fees, and then seek recovery of those fees under the FLSA. In the absence of express statutory or case authority to the contrary, the Court refuses to follow Defendant–Intervenor's recommendation that attorney's fees and costs be imposed under 29 U.S.C. § 216(b) against Plaintiff in this case.

### III. CONCLUSION

Accordingly, it is hereby ORDERED that Defendant–Intervenor Joe G. Garcia's Motion for Partial Summary Judgment on Liability of SAMTA for Attorney's Fees and Costs be and is DENIED.